**Kenneth KAROFSKY, et al., Plaintiffs,**

v.

**ABBOTT LABORATORIES,
et al., Defendants.**

**Civil No. 95–402–P–H.**

United States District Court,
D. Maine.

March 15, 1996.

---

Jeffrey A. Thaler, Berman & Simmons, P.A., Lewiston, ME, G. Oliver Koppell, Joseph Lipofsky, Zwerling, Schacter, Zwerling & Koppell, New York City, Barbara Hart, Goodkind, Labaton, Rudoff & Sucharow, New York City, for Kenneth Karofsky, Paul Cady.

Frank W. Delong, Elizabeth G. Knox, Thompson & Bowie, Portland, ME, Nader R. Boulos, J. Andrew Langan, Kirkland & Ellis, Chicago, IL, for Abbott Laboratories.

Randall Weill, Preti, Flaherty, Beliveau & Pachios, Portland, ME, for American Home Products Corporation.

Terrence Garmey, Smith, Elliott, Smith & Garmey, P.A., Portland, ME, for Boehringer Ingelheim Pharmaceuticals, Inc.

Joseph H. Groff, III, Jensen, Baird, Gardner & Henry, Portland, ME, for Bristol–Myers Squibb Co.

Melissa A. Hewey, Drummond, Woodsum, Plimpton & Macmahon, Portland, ME, for Burroughs–Welcome Co. Glaxo Inc.

Peter J. Detroy, III, Norman, Hanson & Detroy, Portland, ME, for Ciba–Geigy Corporation.

William J. Kayatta, Jr., Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Portland, ME, for Eli Lilly & Co., Marion Merrill Dow Inc.

James B. Haddow, Petruccelli & Martin, Portland, ME, for Forest Laboratories, Inc., Johnson & Johnson, Rhone Poulenc–Rorer Inc., Sandoz Pharmaceutical Corp., The Upjohn Company, Warner–Lambert Company, G.D. Searle & Co.

David P. Ray, Amerling & Burns, Portland, ME, for Hoffmann–Laroche Inc.

John D. Gleason, Curtis, Thaxter, Stevens, Broder, & Micoleau, Portland, ME, for Knoll Pharmaceutical Company.

Robert H. Stier, Bernstein, Shur, Sawyer & Nelson, Portland, ME, James P. Tallon, Shearman & Sterling, New York City, for Merck & Co., Inc.

Ernest J. Babcock, Martha C. Gaythwaite, Friedman & Babcock, Portland, ME, for Pfizer Inc.

Thomas C. Newman, Murray, Plumb & Murray, Portland, ME, for Purdue Frederick Company.

Robert H. Stier, Bernstein, Shur, Sawyer & Nelson, John G. Calender, Marguerite S. Boyd, Howrey & Simon, Washington, DC, for Schering–Plough Corporation.

Robert J. Piampiano, Kevin M. Gillis, Troubh, Heisler & Piampiano, P.A., Portland, ME, Mark S. Stewart, Ballard, Spahr, Andrews & Ingersoll, Philadelphia, PA, for Smithkline Beecham Pharmaceuticals Co.

Leonard W. Langer, Tompkins, Clough, Hirshon & Langer, Portland, ME, for Zeneca, Inc.

### ORDER ON PLAINTIFFS' MOTION TO REMAND

HORNBY, District Judge.

■ The plaintiffs' motion to remand this putative class action removed from state court on diversity of citizenship is GRANTED because the $50,000 amount in controversy is not satisfied.

The plaintiffs' affidavits reveal that, considering the statute of limitations, their actual compensatory damages cannot be more than a couple of thousand dollars each. Even with the trebling that is available under the Maine statute, 10 M.R.S.A. § 1104(1), their damages remain respectively well under $10,000. The defendants agree that the attorney fees available to the plaintiffs under the Maine statute, see § 1104(1), are central to their jurisdictional amount argument.

■ The plaintiffs filed this action in state court under Maine Rule of Civil Procedure 23 as a class action.[1] Although the state court never had an opportunity to de-termine whether it could in fact be maintained as a class action, see Me.R.Civ.P. 23(c)(1), and this court likewise has not yet done so under Federal Rule of Civil Procedure 23(c)(1), I treat it as a putative class action. See Doucette v. Ives, 947 F.2d 21, 30 (1st Cir.1991). Accordingly, any projected attorney fees are to be prorated across the class. See Goldberg v. CPC Int'l, Inc., 678 F.2d 1365, 1367 (9th Cir.), cert. denied, 459 U.S. 945, 103 S.Ct. 259, 74 L.Ed.2d 202 (1982); see also Spellman v. Meridian Bank, —— F.3d ——, ——, 1995 WL 764548, at *9 (3d Cir. Dec. 29, 1995).[2] The plaintiffs did not seek a specific dollar recovery for damages or attorney fees in their complaint. The burden is on the defendants, as the removing parties, therefore, to show that it is more likely than not that the recovery will exceed the jurisdictional amount as to each plaintiff, Gafford v. General Elec. Co., 997 F.2d 150, 159–60 (6th Cir.1993); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1096 n. 6 (11th Cir.1994)[3]—i.e., well over $40,000 in attorney fees per class member as prorated. The defendants simply have not met that burden. I therefore do not reach the supplemental jurisdiction arguments advanced by the defendants.

1. I am not persuaded by the defendants' oral argument that 28 U.S.C. § 1367 requires me to analyze the jurisdictional question as if this were not a class action. As I understand it, the defendants argue that section 1367(a) provides for supplemental jurisdiction over claims asserted by members of the class other than the named representatives. Therefore, goes the argument, I must assess jurisdiction by considering only the representative plaintiffs and consequently must attribute all the attorney fees to them. That argument does not overcome the fact that the plaintiffs filed their complaint initially in state court as a class action and that it is within the plaintiffs' power to frame the nature of their complaint. It is true that ultimately the plaintiffs require judicial permission to proceed as a class action, but they have never purported to file individual claims. The "claims in the action" within the meaning of section 1367 are therefore the claims of these plaintiffs as representatives of the class. Thus the caselaw prorating the attorney fees across the class continues to be applicable.

2. Two observations are appropriate. First, this is not a case like In re Abbott Labs., 51 F.3d 524, 526–27 (5th Cir.1995), where the state statute awards the attorney fees exclusively to the representative parties. Second, attorney fees are not like punitive damages where "each plaintiff has an integrated right to the full amount of an award." Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1334 (5th Cir.1995).

3. In St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288–89, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938), the United States Supreme Court placed the burden on the plaintiffs in a removal action to show to a legal certainty that the sum claimed is for less than the jurisdictional amount, but that was a case where the plaintiffs had alleged in state court before removal an amount of damages that exceeded the jurisdictional amount and were trying to back away from their allegation. See also Coventry Sewage Assocs. v. Dworkin Realty Co., 71 F.3d 1, 5–6 (1st Cir.1995). In a second category, where plaintiffs have specifically limited their recovery to less than the jurisdictional amount before removal, the Supreme Court has stated that removal is precluded. St. Paul, 303 U.S. at 290–91, 58 S.Ct. at 591, 82 L.Ed. 845. This case is in a third category—where no amount is alleged. Thus the moving party has the burden of demonstrating that the jurisdictional amount is satisfied.

The plaintiffs' motion to remand is GRANTED.[4]

SO ORDERED.

---

**4.** At oral argument, the defendants maintained that I should decline to rule because there is also a remand action involving these plaintiffs now pending in federal court in Alabama with a motion to remand. Nevertheless, I construe the Judicial Panel on Multidistrict Litigation's rules as permitting me to rule and conclude that it is easier for me to determine the impact of Maine law on this individual case and to rule on the jurisdictional issue than to transfer it to the Multidistrict Panel, which has many other concerns.