**Artie Mae JETER, Plaintiff,**

v.

**ORKIN EXTERMINATING CO., et al., Defendants.**

**No. CIV.A. 99–D–608–E.**

United States District Court,
M.D. Alabama,
Eastern Division.

Jan. 5, 2000.

---

L. Andrew Hollis, Jr., Steven W. Couch, Birmingham, AL, Rufus R. Smith, Jr., Dothan, John M. Rediker, Birmingham, AL, Lexa E. Dowling, Dothan, AL, Jack M. Smith Tuskegee, for Plaintiff.

Michael L. Bell, Birmingham, AL, Douglass T. Flowers, Dothan, AL, Robert E. Paden, Bessemer, AL, for Defendant.

### MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Before the court is Plaintiff's Motion To Remand ("Pl.'s Mot.") and Brief In Support Of Motion To Remand ("Pl.'s Br."), both filed on July 6, 1999. On September 10, 1999, Defendant Orkin Exterminating Company ("Orkin") filed its Brief In Opposition To Remand, which the court construes as a Response ("Resp."). Plaintiff filed a Reply Brief In Support Of Motion To Remand ("Reply") on September 27, 1999. On October 8, 1999, Orkin filed a Motion For Leave To File Sur–Reply Brief ("Orkin's Mot."), to which Plaintiff objected on October 15, 1999. After careful consideration of the arguments of counsel, the relevant law, and the record as a whole, the court finds that Plaintiff's Motion is due to be granted and Orkin's Motion is due to be denied as moot.[1]

### REMAND STANDARD

It is well-settled that a defendant, as the party removing an action to federal court, has the burden to establish federal jurisdiction. *See Diaz v. Sheppard,* 85 F.3d 1502, 1505 (11th Cir.1996).

---

1. The court finds it unnecessary to rely on Orkin's proposed Sur–Reply Brief because the arguments raised therein are merely a restatement of the arguments asserted in Orkin's Response. Consequently, the court finds that Orkin's Motion is due to be denied as moot.

Removal statutes must be strictly construed because of the significant federalism concerns raised by removal jurisdiction. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Seroyer v. Pfizer, Inc.,* 991 F.Supp. 1308, 1312 (M.D.Ala.1997) (DeMent, J.). Therefore, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "All doubts [and uncertainties] about federal court jurisdiction must be resolved in favor of a remand to state court." *Seroyer,* 991 F.Supp. at 1312 (citing *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir.1994)).

## BACKGROUND

On May 14, 1999, Plaintiff commenced this action by filing a Complaint in the Circuit Court of Macon County, Alabama, naming Orkin and William C. Maxwell ("Maxwell") as Defendants. Both Plaintiff and Maxwell are Alabama residents, while Orkin is a foreign corporation with its principal place of business in Atlanta, Georgia. Maxwell was an employee of Orkin at all times relevant to this action. Plaintiff alleges that Orkin and Maxwell are liable for their tortious conduct in connection with a termite bond and guarantee issued to Plaintiff on September 23, 1977, by Orkin. (Compl. at 1.) The specific claims asserted against Orkin and Maxwell include breach of contract, fraud-misrepresentation, fraudulent suppression, and negligence. (*Id.* at 1–8).

On June 14, 1999, Orkin timely filed its Notice Of Removal ("Removal Not."), pursuant to 28 U.S.C. § 1446(b). In the Removal Notice, Orkin contends that this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction).[2] (Removal Not. ¶ 4.) Although Plaintiff and Maxwell are both residents of Alabama, Orkin claims that the court can properly exercise diversity jurisdiction over this matter because Maxwell was

fraudulently joined by Plaintiff to defeat the complete diversity requirement found in 28 U.S.C. § 1331. (*Id.* ¶¶ 9–21.) Specifically, Orkin avers that Plaintiff relinquished all claims against Maxwell when Plaintiff executed a release on December 14, 1988 ("1988 Release"). Additionally, Orkin asserts that Plaintiff's claims "against Maxwell are barred by the statute of limitations." (*Id.* ¶ 20.) In short, Orkin contends that Plaintiff has no cognizable claim against Maxwell and, therefore, complete diversity exists in this action. (*Id.* ¶ 17.)

On July 6, 1999, Plaintiff filed her Motion To Remand wherein she asserts that this court does not have diversity jurisdiction because Maxwell was not fraudulently joined. (Pl.'s Mot. ¶ 4(b).) Specifically, Plaintiff alleges that the 1988 Release is void because she was fraudulently induced to execute said Release. (*Id.* ¶ 4(b).) Further, Plaintiff contends that her "claims against Maxwell are not barred by any statute of limitations," (*Id.*), because she "did not learn of Orkin and Maxwell's fraudulent misrepresentation and/or omission until on or about March 15, 1999." (Pl.'s Br. at 18.) Therefore, Plaintiff asserts that Maxwell was properly joined as a Defendant in this action and because Maxwell's presence destroys diversity jurisdiction, the case should be remanded to state court. For the reasons set forth herein, the court agrees with Plaintiff.

## DISCUSSION

■ Removal of a case from state to federal court is proper if the case could have been brought originally in federal court. *See* 28 U.S.C. § 1441(a). A federal district court may assert jurisdiction in a case involving citizens of different states where the amount in controversy, exclusive of interest and costs, exceeds $75,000. *See* 28 U.S.C. § 1332(a). "Diversity jurisdiction under 28 U.S.C. § 1332 requires

---

**2.** Orkin initially based its removal upon 28 U.S.C. § 1367 (supplemental jurisdiction), but subsequently conceded that no basis exists for

supplemental jurisdiction in this case. (Pl.'s Mot. at 1, n.1; Pl.'s Br. at 2, n.1.)

complete diversity—every plaintiff must be diverse from every defendant." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1359 (11th Cir.1996). Therefore, where the parties are diverse and the amount in controversy is sufficient, a defendant has the statutory right to remove an action from state to federal court. *See* 28 U.S.C. § 1332(a).

■ However, as the Supreme Court has long recognized, diversity jurisdiction "cannot be defeated by a fraudulent joinder of a residential defendant having no real connection to the controversy." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144 (1921). Thus, when determining whether complete diversity exists, courts shall disregard the citizenship of fraudulently joined defendants. *See Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir.1979).[3]

■ When determining whether a defendant was fraudulently joined, the court must evaluate all factual issues and substantive law in favor of the plaintiff. *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir.1983), superceded by statute on other grounds as stated in *Georgetown Manor v. Ethan Allen*, 991 F.2d 1533 (11th Cir.1993). " 'If there is even a possibility that a state court would find that the complaint states a cause of action against … the resident defendant[ ], the federal court must find that the joinder is proper and remand the case to the state court.' The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate." *Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 (11th

Cir.1998) (quoting *Coker*, 709 F.2d at 1440). "The removing party bears the [heavy] burden of proving [by clear and convincing evidence] that the joinder of the resident defendant was fraudulent." *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir.1989) citing (*Coker*, 709 F.2d at 1440); *see also Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir.1997) (stating that "[t]he burden of the removing party is a 'heavy one' "); *Parks v. New York Times*, 308 F.2d 474, 478 (5th Cir. 1962)[4] ("A claim that joinder is fraudulent must be asserted with particularity and supported by clear and convincing evidence."). Therefore, the relevant issue is whether Orkin has clearly shown that Plaintiff has failed to state any possible claims under the laws of the State of Alabama for recovery against Maxwell.

■ The Parties have submitted numerous pleadings that illustrate a multitude of factual disputes regarding Plaintiff's claims against Maxwell.[5] (Reply at 3.) Primarily, while Orkin avers that Plaintiff released all claims against Maxwell by executing the 1988 Release, (Resp. at 3–4), Plaintiff argues that the 1988 Release is void because, inter alia, her assent to its terms was induced by fraud.[6] (Pl.'s Mot. at 16–17; Reply at 28–32.) In support of her argument, Plaintiff points to an inter-office memorandum from Maxwell to Orkin ("Maxwell Memo") wherein Maxwell stated that Plaintiff's house was "unfixable," due to severe termite damage. (Maxwell Memo at 2.) However, Maxwell allegedly persuaded Plaintiff to sign the 1988 Release by promising to fix her house completely. (Resp. at 33.) Moreover,

3. Decisions of the former Fifth Circuit rendered prior to October 1, 1981, constitute binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981)(en banc).

4. *See supra* note 3.

5. "To determine whether the case should be remanded, the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncer-

tainties about state substantive law in favor of the plaintiff. The federal court makes these determinations based on the plaintiff's pleadings at the time of removal; but the court may consider affidavits and deposition transcripts submitted by the parties." *Crowe*, 113 F.3d at 1538 (citations omitted).

6. Under Alabama law, "[a] release obtained by fraud is void." *Taylor v. Dorough*, 547 So.2d 536, 540 (Ala.1989).

Plaintiff asserts that Maxwell affirmatively misled her about the extent of the termite damage in her house and the nature of the repairs that were being performed. (Jeter Aff. ¶ 10.)

In response, Orkin contends that Maxwell did not procure the 1988 Release by fraud and that he did not affirmatively mislead Plaintiff. (Resp. at 4.) Orkin's response, however, is called into serious doubt by the following statements made by Maxwell shortly before procuring the 1988 Release:

> **To my knowledge, no one has really told [Plaintiff] the true extent to which her house is infested .... We took her money and never really told her the truth about the serious termite problem.**
>
> She wants her house fixed and she wants assurance that if something goes wrong in the future she is covered. Cash settlements have been refused many times by her and she continues to repeat the same statement over and over again. **"Please, just fix my house and you pay for it."**
>
> **She is starting to trust me** and I have treated her with respect and have gained the confidence of the contractor involved. If we get her angry enough to call in the State Inspector or to contact any attorney who will have the contractor look at her house, the odds of the following happening are 99%.
>
> 1. We will build her a new house.
> 2. Pay over $100,000 in punitive damages.
> 3. Thousands in attorney's fees.
>
> [Plaintiff] is 78 years old, black, in poor health, no money, we do not have a graph, **her house was improperly treated,** we sold her twice with no documentation of existing conditions, **[her] home is badly eaten up by termites to the point of breaking apart.**
>
> **Our chose [sic] is we can spend $5,000 now and have her put in small claims over the years until[ ] she dies and her children sell the house, or if any at-**
> **torney get[s] involved, we will probably buy her a new house, thousands in punitive damages and attorney fees.**

(Maxwell Memo at 3–4) (emphasis added.)

■ In short, the evidence reflects that Maxwell knew of Plaintiff's potential claims and then fraudulently persuaded Plaintiff to release these claims by promising to fix her "unfixable" house. (*Id.* at 2.) Orkin's arguments to the contrary give rise to factual disputes which must be evaluated in favor of Plaintiff. *See Crowe,* 113 F.3d at 1538; *see also Coker,* 709 F.2d at 1440. Therefore, because Alabama law dictates that "[a] release obtained by fraud is void," [7] the court finds that Orkin fails to clearly establish that Plaintiff's claims against Maxwell are barred by the 1988 Release. *See Parks,* 308 F.2d at 478 (stating that a claim of fraudulent joinder must be "supported by clear and convincing evidence").

Orkin further contends that Plaintiff's fraud claims against Maxwell are time barred. (Resp. at 12–13.) Specifically, Orkin asserts that Plaintiff "had no contact with Maxwell after 1988" and, therefore, "[a]ny fraud which [P]laintiff alleges [ ] had to occur in 1988." (*Id.* at 12.) Accordingly, Orkin posits that "because fraud is governed by a two year statute of limitations, [Plaintiff's fraud] claim[s] against Maxwell [are] time barred, and Maxwell has been fraudulently joined." (*Id.*)

On the other hand, Plaintiff argues that she "did not learn of Orkin and Maxwell's fraudulent misrepresentation and/or omission until on or about March 15, 1999." (Pl.'s Br. at 18.) It was on this date that Plaintiff first learned of the Maxwell Memo, "disclosing that [Maxwell] had withheld from her the true extent of the termite damage to [her] home." (*Id.*) Therefore, Plaintiff contends that pursuant to Section 6–2–3 of the Alabama Code, "the statute of limitations applicable to each of [her] claims was tolled until March 15, 1999, and the claims were timely based

---

7. *See supra* note 6.

on that discovery date." (*Id.* at 18–19.) The court notes that Section 6–2–3 of the Alabama Code provides that

> [i]n actions seeking relief on the ground of fraud where the statute has created a bar, the claim must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have two-years within which to prosecute his action.

ALA CODE § 6–2–3 (1993 Supp.).

While Orkin asserts that "[P]laintiff knew everything that is the basis of her claim[s] ten years ago," (Resp. at 13), Plaintiff maintains that she "was not aware at that time that there was much more termite damage to [her] home than Mr. Maxwell had told [her]." (Jeter Aff. ¶ 2.) Plaintiff further asserts that she was not "aware at that time that the repair work Mr. Maxwell said would be done to the termite damage to [her] house was insufficient to fix all the damage." (*Id.*) Consequently, there exist factual issues as to when Plaintiff knew of her claims against Maxwell. As previously stated, all factual issues and uncertainties must be evaluated in favor of Plaintiff. *See Crowe,* 113 F.3d at 1538; *see also Coker,* 709 F.2d at 1440. Therefore, based on the foregoing, the court finds that Orkin fails to meet its "heavy" burden of showing that Plaintiff's claims against Maxwell are time barred. *Crowe,* 113 F.3d at 1538.

In summary, there are numerous factual disputes regarding Plaintiff's claims against Maxwell, (Reply at 3), and it is not obvious, according to Alabama law, that Maxwell was fraudulently joined to defeat diversity. *See Parks,* 308 F.2d at 477 (holding that there is fraudulent joinder only if the plaintiff fails to state a cause of action against the resident defendant and the failure is *obvious* according to the settled rules of the state). Therefore, the court finds that Orkin's claim of fraudulent joinder must fail because Plaintiff has shown the possibility of valid causes of action against Maxwell. *See Triggs,* 154 F.3d at 1287 (stating that plaintiff "need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate"). Consequently, the court cannot properly exercise diversity jurisdiction over this action and, thus, Plaintiff's Motion To Remand is due to be granted.

### ORDER

Based on the foregoing, it is CONSIDERED and ORDERED that Plaintiff's Motion To Remand be and the same is hereby GRANTED, and that this action be and the same is hereby REMANDED to the Circuit Court of Macon County, Alabama, pursuant to 28 U.S.C. § 1447(c).

It is further CONSIDERED and ORDERED that Orkin's Motion For Leave To File Sur–Reply Brief be and the same is hereby DENIED AS MOOT.

The Clerk of Court is DIRECTED to take all steps necessary to effectuate said remand.