**Wilma McGHEE, Plaintiff,**

v.

**ALLSTATE INDEMNITY COMPANY, Defendant.**

**Civil Action No. 96–D–479–N.**

United States District Court, M.D. Alabama, Northern Division.

May 3, 1996.

Richard Cary Dean, Jr., Sabrina L. McKinney, Montgomery, AL, for plaintiff.

Michael Baird Beers, Beers, Anderson, Jackson & Smith, P.C., Montgomery, AL, for defendant.

### *MEMORANDUM OPINION AND ORDER*

DE MENT, District Judge.

Before the court is plaintiff's motion filed April 18, 1996, to remand the above-styled action to the Circuit Court of Montgomery County, Alabama, because the amount in controversy does not exceed the jurisdictional amount necessary for the court to exercise diversity jurisdiction.[1] On April 19, 1996, the court contacted counsel for the plaintiff via telephone and indicated that because the plaintiff sought an unspecified amount of damages in her complaint, this action would be remanded if she submitted a stipulation or amendment to the complaint agreeing to seek less than the jurisdictional amount. On April 30, 1996, the plaintiff filed a motion for leave to amend her complaint by changing the *ad damnum* clause to specifically seek damages in the amount of $45,000. After careful consideration of the relevant case law and the record before the court, the court finds that the above-styled case is due to be remanded.

### DISCUSSION

The court will first address plaintiff's motion for leave to amend its complaint. Because the time period for amending her complaint as a matter of right has expired, the plaintiff's amendment to the complaint may be obtained "... only by leave of court or by written consent of the adverse party." The decision whether to grant leave to amend a complaint is within the sole discretion of the district court. Fed.R.Civ.P. 15(a). Rule 15(a) limits the court's discretion by mandating that "... leave shall be freely given when justice so requires." *See Halliburton & Assoc. v. Henderson, Few & Co.,* 774 F.2d 441 (11th Cir.1985).

█ There must be a substantial reason to deny a motion to amend. *Id.* Substantial reasons justifying a denial include "undue delay, bad faith, dilatory motive on the part of the movant, ... undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). The court has searched the record for any evidence of bad faith, prejudice to the adverse parties or undue delay and has found none. Therefore, the court finds that the plaintiff's motion for

---

1. The defendant filed its notice of removal on March 18, 1996, basing removal solely on the ground that the court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.

leave to amend her complaint is due to be granted.

The court will now address the plaintiff's motion to remand. In this regard, the court first notes that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Thus, if the court finds that the amount in controversy does not exceed $50,000, this case should be remanded for lack of subject matter jurisdiction.

Pertinent to this action, the Eleventh Circuit recently held that when an *ad damnum* clause includes a demand for a specific amount of damages which is less than the jurisdictional amount, the defendant is "required to prove to a legal certainty that plaintiff, if [he or] she prevailed, would not recover below $50,000." *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994). In other words, the defendant must show that "an award below the jurisdictional amount would be outside the range of permissible awards because the case is clearly worth more than $50,000." *Id.* at 1096. Importantly, this holding applies even where a plaintiff seeks both compensatory and punitive damages. *Id.* at 1097.

In its notice of removal, the defendant argues that it is reasonable to conclude that the plaintiff is seeking in excess of $50,000 because she seeks both compensatory and punitive damages and does not seek a specific amount of damages. However, it is clear that the plaintiff now seeks $45,000 in total damages in her amended complaint. As such, the court finds that the defendant must prove that an award of more than $50,000 is a legal certainty if the plaintiff were to prevail on her claims.

In this regard, the court notes that the policy limit of the uninsured motorist policy from which this claim arises is only $20,000. Based on this fact, the court finds that it is easily conceivable that a jury could return a verdict of less than $50,000, especially if the jury decided not to award punitive damages. Thus, based upon the facts of the instant case, the court finds that the defendants cannot demonstrate to a legal certainty that the amount of damages sought in this action exceeds the jurisdictional amount of $50,000. *See Burns*, 31 F.3d at 1097. Accordingly, the court finds that this action is due to be remanded.

In conclusion, while the court does not call into question the integrity or promise made herein by counsel for the plaintiff, the court emphasizes that should the plaintiff hereafter disregard her prayer for less than $50,000 in damages and instead seek damages in excess of $50,000, that upon application to this court, **sanctions will be swift in coming and painful upon arrival.** *See State Farm Fire & Casualty Co. v. Dunnam*, No. 90–0090–BH (S.D.Ala. May 16, 1990). The court gives this advice because it would have applied a less burdensome standard if the plaintiff had not specifically sought an amount of damages below the jurisdictional amount in her *ad damnum* clause. *Bolling v. Union National Life Ins. Co.*, 900 F.Supp. 400, 404 (M.D.Ala. 1995) (the burden is on the defendant to prove by a **preponderance of the evidence** that the amount exceeds the jurisdictional amount if the plaintiff has not sought a specific amount of damages) (emphasis added).

Based on the foregoing, it is CONSIDERED and ORDERED that the plaintiff's motion to amend the complaint be and the same is hereby GRANTED.

It is further CONSIDERED and ORDERED that this action be and the same is hereby remanded to the Circuit Court of Montgomery County, Alabama. The clerk is DIRECTED to take all steps necessary to effect said remand.