### Marie MOORE

v.

### TOYOTA MOTOR CORPORATION, et al.

### No. 2:99CV82–B–B.

United States District Court,
N.D. Mississippi,
Delta Division.

Aug. 20, 1999.

C. Kent Haney, Clarksdale, MS, for Marie Moore, plaintiff.

David L. Ayers, Mark D. Jicka, Watkins & Eager, Jackson, Paul V. Cassisa, Jr.,

---

Bernard, Cassisa & Elliott, Oxford, David R. Reed, Lord, Bissell & Brook, Chicago, IL, for Toyota Motor Corporation, Toyota Motor Company, Ltd., Toyota Motor Sales, U.S.A., Inc., TRW, Inc., defendants.

## MEMORANDUM OPINION

BIGGERS, Chief Judge.

This cause comes before the court on the plaintiff's motion to remand [9]. This products liability action was removed from state court on the ground of diversity jurisdiction. The court has duly considered the parties' pleadings[1] and memoranda and is ready to rule.

The complaint alleges injuries resulting from the deployment of the air bags in the plaintiff's automobile and raises claims for compensatory and punitive damages. However, the *ad damnum* clause demands judgment "for **actual** damages in an amount not to exceed seventy-five thousand dollars (75,000.00), including all costs" and makes no reference to punitive damages. (Emphasis added). The notice of removal asserts that the amount in controversy exceeds $75,000[2] since the complaint seeks punitive damages in addition to $75,000 in compensatory damages. The plaintiff asserts in the instant motion that the reference to actual damages, exclusive of punitive damages, was inadvertent. The plaintiff contemporaneously filed a motion for leave to amend the complaint [11] in order to clarify her claim for damages. The United States Magistrate Judge denied [17] the motion to amend[3].

"[A] plaintiff may not defeat removal by subsequently **changing** his damage request,[4] because post-removal events cannot deprive a court of jurisdiction once it has attached."[5] *Asociacion Nacional de Pescadores a Pequena Escala o Artesanales de Colombia S.A. v. Dow Quimica de Colombia S.A. [ANPAC]*, 988 F.2d 559, 565 (5th Cir.1993), *cert. denied*, 510 U.S. 1041, 114 S.Ct. 685, 126 L.Ed.2d 653 (1994) (citing *St Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292, 58 S.Ct. 586, 82 L.Ed. 845 (1938)). In *ANPAC* the complaint plead an unspecified amount of damages and the Fifth Circuit allowed a post-removal affidavit clarifying the amount of damages sought:

> Under those circumstances, the court is still examining the jurisdictional facts **as of the time** the case is removed, but the court is considering information submitted after removal.

988 F.2d at 565, *cited in Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995) ("under any manner of proof, the jurisdictional facts that support removal must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time"). *See Cross v. Bell Helmets, USA*, 927 F.Supp. 209, 214 (E.D.Tex.1996) ("Damage stipulations filed before a federal district court has passed upon its determination of jurisdiction are permissible if they **clarify** as opposed to **amend** an original petition.").

---

**1.** Defendant TRW, Inc. joined [16] in the response filed by defendant Toyota Motor Sales, U.S.A., Inc. [15].

**2.** *See* 28 U.S.C. § 1332(a), as amended.

**3.** The magistrate judge denied the motion to amend for failure to attach a proposed amended complaint "so the court could determine how [the plaintiff] might 'reword her complaint.'"

**4.** *But see Goodman v. Wal–Mart Stores, Inc.*, 981 F.Supp. 1083 (M.D.Tenn.1997) (the granting of the plaintiff's motion to amend to reduce the damages claim to $74,000, regardless of plaintiff's motive, destroyed subject

matter jurisdiction and mandated remand under 28 U.S.C. § 1447(c)); *Bailey v. Wal–Mart Stores, Inc.*, 981 F.Supp. 1415 (N.D.Ala.1997) (construing the 1988 amendment of 28 U.S.C. § 1447(c), the court allowed post-removal reduction of the *ad damnum* clause and remanded). The courts in *Goodman* and *Bailey* literally construed the following language of section 1447(c):

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

**5.** *But cf.* 28 U.S.C. § 1447(e) (district court may grant leave to add a nondiverse defendant after removal and remand the case).

The affidavit[6] of the plaintiff's attorney states that he specifically directed his secretary to request damages less than $75,000. The affidavit further states:

4. Affiant intended to specifically plead damages below the Federal Court jurisdictional amount to keep the case in State Court. The use of the word "actual" in the *ad damnum* clause was a clerical mistake.

5. Affiant stipulates that plaintiff's damages did not exceed $75,000.00 at the time of the filing of the complaint and will not exceed in the future $75,000.00. Affiant's previous motion to allow an amended complaint "to reword her complaint"...was not filed as a manipulative maneuver to reduce her *ad damnum* to defeat federal jurisdiction, but was filed to clarify a good faith mistake.

6. Furthermore, Affiant will not file an Amended Complaint to increase the requested damages after one year passes. [Under 28 U.S.C. § 1446(b), "a case may not be removed on the basis of [diversity jurisdiction] more than 1 year after commencement of the action."]

The above-quoted affidavit cannot be reasonably construed as an attempt to amend or reduce the damages claims. It merely corrects a clerical mistake and confirms that the amount of damages specified in the state court complaint is the maximum that the plaintiff seeks to recover for both actual and punitive damages.[7] The court finds that the affidavit manifests the plaintiff's "commitment to recovery below the federal threshold." *De Aguilar v. Boeing Co. [De Aguilar II]*, 47 F.3d 1404, 1412 n. 10 (5th Cir.), *cert. denied,* 516 U.S. 865, 116 S.Ct. 180, 133 L.Ed.2d 119 (1995). The express stipulation in the affidavit limits any recovery to $75,000 and precludes the plaintiff from amending the *ad damnum* clause in state court to plead damages in excess of $75,000.[8] Upon remand the plaintiff "will not be able to recover more than the damages for which [she] has prayed in the state court complaint." *De Aguilar II,* 47 F.3d at 1411. Accordingly, the plaintiff is "legally bound to accept less" than the federal jurisdictional amount, as was intended upon commencement of this cause. *Allen,* 63 F.3d at 1335 n. 14. Since the actual amount in controversy does not invoke diversity jurisdiction, the motion to remand should be granted.

---

**6.** The affidavit of the plaintiff's attorney is attached to the instant motion.

**7.** *See St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 294, 58 S.Ct. 586, 82 L.Ed. 845 (1938) ("If [the plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defen-

dant cannot remove."); *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir.1995) ("if a plaintiff pleads damages less than the [federal jurisdictional] amount, he generally can bar a defendant from removal").

**8.** Mississippi law limits the plaintiff's recovery to the amount plead but does not prohibit amendment of the *ad damnum* clause.