**Aaron GRUBBS, et al., Plaintiffs,**

v.

**PIONEER HOUSING, INC., et al., Defendants.**

**No. Civ.A. 99–D–912–N.**

United States District Court, M.D. Alabama, Northern Division.

Oct. 28, 1999.

Christopher P. Turner, Abbeville, AL, Lynn W. Jinks, III, Theresa J. Daniel, Christina D. Crow, Union Springs, AL, for Plaintiffs.

Larry S. Logsdon, David L. Selby, II, Birmingham, AL, for Defendants.

### MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Before the court is Plaintiffs' Motion To Remand ("Mot."), along with a Memorandum Of Law In Support Of Plaintiffs' Motion To Remand, filed on September 20, 1999. On October 19, 1999, Defendant Pioneer Housing Systems, Inc. ("Pioneer") filed a Response To Motion To Remand ("Resp."). After a thorough review of the arguments of counsel, the relevant law, and the record as a whole, the court finds that Plaintiffs' Motion To Remand is due to be granted.

### FACTUAL BACKGROUND[1]

Plaintiffs, Aaron Grubbs and Felecia Grubbs (collectively "Plaintiffs"), filed this action in the Circuit of Court of Barb-

---

1. The facts are construed in the light most favorable to Plaintiffs as they must be for the

our County, Alabama, on July 21, 1999. (Notice of Removal ¶ 1; Compl. at 1.) Plaintiffs allege that in October 1997 they entered into a contract with Defendants for the purchase of a mobile home. (Compl.¶ 9). The named Defendants are Pioneer, Dubose Mobile Homes, Inc., and Jeremy Keith Chandler (collectively "Defendants"). (Compl.¶¶ 2–4.) After the mobile home was delivered and "set up," Plaintiffs contend that they discovered "problems" with the mobile home that led to this lawsuit.

Plaintiffs allege the following five state law claims: (1) breach of warranty (Count 1); (2) breach of implied warranty of fitness (Count 2); (3) breach of implied warranty of merchantability (Count 3); (4) breach of implied warranty of habitability (Count 4); and (5) negligence (Count 5). Plaintiffs seek "revocation of acceptance" of the contract, compensatory and punitive damages, pre-judgment interest and "any and all damages to which they may be entitled under the provisions of ... the Magnuson[–]Moss Warranty Act." (Compl. at 1–9.)

After being served on July 24, 1999, Pioneer removed this action on August 23, 1999. Pioneer asserts that "[a]ll named Defendants ... have joined in this notice of removal." (Not. of Removal at 1.) In the Notice of Removal, Pioneer claims that the court has federal-question jurisdiction under 28 U.S.C. § 1331 because Plaintiffs seek relief under the Magnuson–Moss Warranty Act, 15 U.S.C. §§ 2310, *et seq.* (Notice of Removal ¶ 5.)

In support of the Motion To Remand, each Plaintiff has submitted an affidavit stating as follows:

The cash purchase price of the home was $34,185.00, as is evidenced by the copy of the sales agreement attached hereto. [We] are only claiming this amount as damages pursuant to the Magnuson[–]Moss Warranty Act and limit any damages requested in this lawsuit pursuant to the Magnuson[–]Moss Warranty Act to less than $50,000.

(Pl.s' Aff. at 1.)

## DISCUSSION

■■■■ Removal of a case from state to federal court is proper if the case could have been brought originally in federal court. *See* 28 U.S.C. § 1441(a). A federal court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." [2] 28 U.S.C. § 1331. It is well-settled that Defendants, who have removed the action to federal court, have the burden to establish federal jurisdiction. *See Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir.1996). Removal statutes must be strictly construed because of the significant federalism concerns raised by removal jurisdiction. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Seroyer v. Pfizer, Inc.*, 991 F.Supp. 1308, 1312 (M.D.Ala.1997) (DeMent, J.). Therefore, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "All doubts [and uncertainties] about federal court jurisdiction must be resolved in favor of a remand to state court." *Seroyer*, 991 F.Supp. at 1312

purposes of a motion to remand. *See Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997).

**2.** A federal court also may assert jurisdiction in a case involving citizens of different states where the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. *See* 28 U.S.C. § 1332(a). Defendants, however, have not asserted diversity as a basis for removal. In fact, the Complaint states that

Plaintiffs and two Defendants are citizens of Alabama, thus, indicating that the requirements for diversity jurisdiction are not satisfied. (Compl.¶¶ 1–4.) *See Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1359 (11th Cir.1996) ("Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity— every plaintiff must be diverse from every defendant.")

(citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994)); *see also Diaz*, 85 F.3d at 1505; *Coker v. Amoco Oil Co.*, 709 F.2d 1433 (11th Cir.1983); *Stone v. Williams*, 792 F.Supp. 749 (M.D.Ala.1992).

Pioneer removed this case asserting that, under 28 U.S.C. § 1331, federal-question jurisdiction exists because Plaintiffs seek relief under the Magnuson–Moss Warranty Act, 15 U.S.C. §§ 2310, *et seq.* (Not. of Removal ¶ 5.) In order for a federal court to exercise jurisdiction of a claim under the Magnuson–Moss Warranty Act, the amount in controversy must be at least $50,000, exclusive of interests and costs. 15 U.S.C. § 2310(d). Specifically, the Act provides, in pertinent part, as follows:

> (1)[A] consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief—
>
> (A) in any court of competent jurisdiction in any State or the District of Columbia; or
>
> (B) in an appropriate district court of the United States, subject to paragraph (3) of this subsection.
>
> . . . . .
>
> (3) No claim shall be cognizable in a suit brought under paragraph (1)(B) of this subsection—
>
> (B) if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit....

15 U.S.C. § 2310(d).

■ Under 15 U.S.C. § 2310(d)(3)(B), "[t]he amount in controversy ... does not include damages flowing from any pendent state law claim brought by a plaintiff." *Ansari v. Bella Automotive Group, Inc.*, 145 F.3d 1270, 1272 (11th Cir.1998). Thus, under *Ansari*, for purposes of determining if the jurisdictional amount-in-controversy requirement has been met under the Magnuson–Moss Warranty Act, the court disregards the damages sought for the state law claims. *Id.*

In deciding whether the amount in controversy is less than $50,000 under 15 U.S.C. § 2310(d)(3)(B), the court finds instructive the Eleventh Circuit's decisions addressing the amount-in-controversy requirement in diversity cases under 28 U.S.C. § 1332(a). The Eleventh Circuit has held that where a plaintiff specifically claims less than the requisite jurisdictional amount in controversy in state court, a defendant must prove to a "legal certainty" that the plaintiff's claims would not yield a recovery less than the jurisdictional amount. *See Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (1994); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89, 58 S.Ct. 586, 82 L.Ed. 845 (1938) (holding that "unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith [and] it must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal"). "This heavy burden reflects the notion that plaintiff has the right to choose his own forum, for 'plaintiff is the master of his or her own claim; if plaintiff chooses to ask for less than the jurisdictional amount, only the sum actually demanded is in controversy.'" *Seroyer*, 991 F.Supp. at 1312. (quoting Charles A. Wright & Arthur R. Miller, 14A Federal Practice & Procedure § 3702). "If [a plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove." *St. Paul Mercury*, 303 U.S. at 294, 58 S.Ct. 586.

However, "where a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the [$75,000] jurisdictional requirement." *Tapscott*, 77 F.3d at 1356–57. In cases where a plaintiff has made such an unspecified damages demand, "a lower burden of proof is warranted because there is simply no estimate of damages to which a court may defer." *Id.*

In the instant case, while the demand for damages is unspecified in the Complaint, Plaintiffs have stipulated in their respective affidavits that they are only asking for $34,185.00 under the Magnuson–Moss Warranty Act and will "limit any damages to less than $50,000." (Pl.s' Aff. at 1.) The court construes this to mean that Plaintiffs will neither ask for nor accept damages more than $49,999.99 under the Magnuson–Moss Warranty Act. In response, Pioneer asserts that it "believes" that the stipulated and specified damages in Plaintiffs' affidavits "are sufficient to warrant the remand of this action." (Resp. at 1.) Pioneer requests that the court's order remanding the action "emphasize" that if Plaintiffs disregard their stipulation " 'sanctions will be swift in coming and painful upon arrival.' " (Resp. at 1–2, citing *McGhee v. Allstate Indem. Co.*, 928 F.Supp. 1102, 1104 (M.D.Ala.1996) (DeMent, J.)).

The court finds that Plaintiffs' Affidavits are sufficient to set forth a specified damages demand which is less than the requisite jurisdictional amount in controversy under the Magnuson–Moss Warranty Act. *See* 15 U.S.C. § 2310(d)(3)(B). That is, the court finds that Plaintiffs have agreed that they will neither seek nor accept damages in excess of $49,999.99 under this Act. Accordingly, because Plaintiffs have set forth a specific damages demand, the court finds that Defendants cannot prove to a "legal certainty" that Plaintiffs' claim will yield a recovery more than the jurisdictional amount. Accordingly, the court finds that Plaintiffs have not stated a "cognizable" claim under the Magnuson–Moss Warranty Act. 15 U.S.C. § 2310(d)(3)(B). The only federal question raised by Plaintiffs was the cause of action under the Magnuson–Moss Warranty Act. Because that claim does not confer federal jurisdiction, the court does not have subject matter jurisdiction over this action.

Based on the foregoing, the court finds that this case is due to be remanded. In so finding, the court emphasizes that, while it does not call into question the integrity of Plaintiffs' damages demand, should Plaintiffs disregard said demand and pursue or accept damages in excess of $49,999.99 under the Magnuson–Moss Warranty Act, then upon application to the court by opposing counsel, an investigation into the representations of Plaintiffs' counsel to this court will be swift in coming. Further, the court forewarns Plaintiffs that sanctions, should they be deemed appropriate, will be painful upon arrival.

## ORDER

Based on the foregoing, it is CONSIDERED and ORDERED that Plaintiffs' Motion To Remand be and the same is hereby GRANTED, and that this action be and the same is hereby REMANDED to the Circuit Court of Barbour County, Alabama, pursuant to 28 U.S.C. § 1447(c). The Clerk of Court is DIRECTED to take all steps necessary to effectuate said remand.