**Thomas BROOKS, et al., Plaintiffs,**

v.

**PRE–PAID LEGAL SERVS., INC., et al., Defendants.**

**No. CIV. A. 01–D–822–E.**

United States District Court,
M.D. Alabama,
Eastern Division.

Aug. 8, 2001.

H. Lewis Gillis, Tyrone, Carlton, Means, John W. Adams, Jr., Thomas, Means, Gillis & Seay, Montgomery, AL, for Plaintiffs.

James H. Anderson, Beers, Anderson, Jackson, Nelson, Hughes & Patty, Montgomery, AL, for Defendants.

## ORDER

DE MENT, District Judge.

Before the court is Plaintiffs' Motion To Remand, which was filed July 31, 2001. After careful consideration of the arguments of counsel, the relevant law, and the record as a whole, the court finds that the Motion is due to be granted.

## I. FACTUAL BACKGROUND

Plaintiffs brought suit against Defendant Pre–Paid Legal Services and its agents,[1] alleging fraud in connection with the sale of legal insurance. Plaintiffs' Complaint sought compensatory damages of $74,500 and unspecified punitive damages. Defendants, who are citizens of Oklahoma, removed on the basis of diversity, with the amount in controversy exceeding $75,000. Shortly thereafter, Plaintiffs filed an affidavit stating that: (1) they did not intend to seek recovery of more than $74,500 when they filed their complaint; (2) they will never claim or accept more than $74,500; and (3) they agree to a court order capping their damages at $74,500. Based on these representations, Plaintiffs move to remand.

1. "Defendants" or "Pre–Paid."

## II. DISCUSSION

The issue is whether a court can remand a case when a plaintiff's post-removal stipulation limits the scope of an *ad damnum* clause to less than $74,500. Such affidavits clarify the amount sought in the initial Complaint, and the proper use of the fee-shifting provisions under 28 U.S.C. § 1447(c) can eliminate the undue potential for forum shopping by plaintiffs. Therefore, the court will effectuate Plaintiffs' stipulation, remand this case, and tax expenses.

### A. *Diversity Jurisdiction*

Federal courts may exercise jurisdiction in cases involving citizens of different states only if the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). When a Complaint prays for damages of an unspecified amount, the defendant "must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the ... jurisdictional requirement." *Grubbs v. Pioneer Hous., Inc.,* 75 F.Supp.2d 1323, 1326 (M.D.Ala.1999). "All doubts [and uncertainties] about federal court jurisdiction must be resolved in favor of a remand to state court." *Seroyer v. Pfizer, Inc.,* 991 F.Supp. 1308, 1312 (M.D.Ala.1997).

In *Moss v. Voyager Ins. Cos.,* 43 F.Supp.2d 1298 (M.D.Ala.1999), this court remanded a case when a plaintiff irrevocably stipulated neither to seek nor accept more than $75,000, even if a jury verdict exceeded that amount. The stipulation "clarifie[d] the Complaint by identifying" the true amount in controversy, and satisfied the court that this amount would never exceed the jurisdictional minimum. *Id.* at 1303. Other courts have routinely given effect to binding, post-removal stipulations.

*See, e.g., Grubbs,* 75 F.Supp.2d at 1327; *McGhee v. Allstate Indem. Co.,* 928 F.Supp. 1102, 1104 (M.D.Ala.1996); *Taylor v. Campbell,* 852 F.Supp. 978, 980 (M.D.Ala.1994); *Moore v. Toyota Motor Corp. .,* 64 F.Supp.2d 612, 614 (N.D.Miss. 1999); *Adkins v. Gibson,* 906 F.Supp. 345, 347 (S.D.W.Va.1995).

The court is aware of opinions from other jurisdictions that have retained cases even after a plaintiff limited his or her damages. These courts have advanced two primary reasons for their holdings. The first is that such limitations ostensibly are inconsistent with *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 290, 58 S.Ct. 586, 82 L.Ed. 845 (1938), which teaches that courts must determine jurisdiction as of the moment of filing rather than on the basis of subsequent events. *See, e.g., Rogers v. Wal–Mart Stores, Inc.,* 230 F.3d 868, 873 (6th Cir.2000); *In re Shell Oil Co.,* 970 F.2d 355, 356 (7th Cir. 1992) (per curiam). The second is that post-removal damages limitations may possibly lead to forum shopping by parties who might "unfairly manipulate proceedings merely because their federal case begins to look unfavorable." *Rogers, supra* at 872; *see also McCoy v. Erie Ins. Co.,* 147 F.Supp.2d 481, 486 (S.D.W.Va.2001) (discussing "unseemly forum gaming, which has occurred frequently in the wake" of *Adkins, supra* ). The court believes that these unpersuasive decisions have improvidently expanded the holding of *St. Paul* and have given unduly narrow consideration to basic principles of federal jurisdiction.

Initially, the court stresses that *St. Paul* did not hold that post-removal stipulations are unallowable *per se.* In *St. Paul,* the plaintiff brought a complaint for indemnity of $3,000, which exceeded the jurisdictional minimum. The defendants removed, and the district court retained jurisdiction even though the plaintiff later submitted a bill of costs showing that it really expected to receive a verdict of less than $3,000. The Supreme Court affirmed, stating that the plaintiff's later statement was "not inconsistent with the making of a claim in good faith for over $3,000 when the suit was instituted." *St. Paul,* 303 U.S. at 296, 58 S.Ct. 586. The Court relied on *Kanouse v. Martin,* 15 How. 198, 200, 14 L.Ed. 660 (1853), which likewise held that a plaintiff who scaled back his demand, but did not disavow an intent to seek beyond the jurisdictional limit when he filed, could not avoid federal court. A crucial fact in both *St. Paul* and *Kanouse* is that the plaintiffs acknowledged that their complaints triggered the amount in controversy at the moment of removal. In this case, on the other hand, Plaintiffs have submitted affidavits bearing on their initial demand and showing that federal jurisdiction has never properly attached. *See Moss,* 43 F.Supp.2d at 1303. There is a difference, of course, between a court's choice to divest itself of jurisdiction and its finding that it lacks jurisdiction. No controlling precedent requires the court to retain jurisdiction despite Plaintiff's explicit assurance that his Complaint proves that he "does not desire to try his case in the federal court." *St. Paul,* 303 U.S. at 294, 58 S.Ct. 586.

■ Moreover, four bedrock principles of federal jurisdiction require courts to effectuate post-removal stipulations. First, federal courts are tribunals of limited jurisdiction. Second, the diversity statute is strictly construed because of the significant federalism concerns raised by federal courts passing on matters of state law. Third, a plaintiff is the master of her complaint, and a plaintiff suing diverse defendants can avoid federal court by limiting her prayer for damages to less than $75,000. Fourth, a plaintiff is charged with knowledge of her complaint, and the

amount of damages that she seeks. *See Gardner v. Allstate Indem. Co.,* 147 F.Supp.2d 1257, 1264 (M.D.Ala.2001). None of these interests are furthered when a federal court keeps a diversity case because of some doctrinaire reading of judicial dicta that is divorced from congressional will and any legitimate policy interests.

Accordingly, the court adheres to this District's prior precedent, considers Plaintiffs' affidavit, and finds that Defendants have not met their burden of showing that the amount in controversy exceeds $74,500. *See Moss,* 43 F.Supp.2d at 1303–04. The court emphasizes that, while it does not call into question the integrity of Plaintiffs' damages stipulation, should Plaintiffs disregard their demand and pursue or accept damages in excess of $75,000, then upon motion by opposing counsel, sanctions will be swift in coming and painful upon arrival. *See McGhee,* 928 F.Supp. at 1104.

## B. *Forum Shopping and Other Externalities*

 That said, the court shares the concerns, which were expressed in cases like *Rogers* and *McCoy,* about plaintiffs who devilishly move to limit their damages and return to state court only after litigation has taken an unfavorable turn. The court also is troubled by the inefficiencies imposed upon the parties and the judiciary by plaintiffs who draft complaints that do not show with unmistakable clarity that they seek less than $75,000. An egregious example is found in *Bailey v. Wal–Mart Stores, Inc.,* 981 F.Supp. 1415, 1415 (N.D.Ala.1997), where the plaintiff delayed sixteen months, until Judge Acker granted partial summary judgment three days before trial, to cap her damages. Thus, the court finds that plaintiffs who cause prejudice to the opposing party or who fail to file damages stipulations soon after removal should be barred from doing so. *See Marcel v. Pool Co.,* 5 F.3d 81, 82 (5th Cir.1993) (denying motion filed nine months after removal). The court also finds that plaintiffs, as a general rule, should pay defendants all "just costs and any actual expenses, including attorney fees, incurred as a result of the removal" if the defendants removed on the basis of an unspecified, arguably ambiguous *ad damnum* clause. 28 U.S.C. § 1447(c).

There are sound reasons for these rules. An erroneously removed case remains on the federal docket until somebody points out that it does not belong there. When the court ultimately remands, it follows that the improper actions causing the removal "have wrought needless litigation costs upon the other party, upset the sensitive principles of federalism underlying our nation's dual court system, and frustrated judicial economy." *Gardner,* 147 F.Supp.2d at 1265. Although the litigants bear all of the first costs, the American people generally suffer from overcrowded dockets and needless state-federal friction. If courts do not compensate defendants like Pre–Paid, then courts suboptimally encourage precision in pleadings and suboptimally protect the public's interest in a speedy resolution on the merits. *See id.* at 1265–66.

The court finds from the Complaint that Plaintiffs never sought more than $75,000, but that the *ad damnum* clause could have been drafted more precisely in the first instance. Costs will be taxed accordingly. *See Shrader v. Legg Mason Wood Walker, Inc.,* 880 F.Supp. 366, 368–71 (E.D.Pa. 1995); *Tabrizi v. Cadence Design Sys.,* 1995 WL 249342 at *1 (N.D.Cal.1995); *Barraclough v. ADP Auto. Claims Serv.,* 818 F.Supp. 1310, 1313 (N.D.Cal.1993); *see also Kanter v. Warner–Lambert Co.,* 52 F.Supp.2d 1126, 1132 (N.D.Cal.1999) (shifting fees to deter removals that "waste the time and resources of both plaintiffs and the courts in this circuit.")

### III. ORDER

It is CONSIDERED and ORDERED that this case be and the same is hereby REMANDED to the Circuit Court of Macon County, Ala., pursuant to 28 U.S.C. § 1447(c). All "just costs and any actual expenses, including attorney fees, incurred as a result of the removal," are TAXED to Plaintiffs, for which let execution issue. *See id.* The Clerk of Court shall close this case.[2]

---

**2.** The court retains jurisdiction only for the limited purpose of determining costs if the parties cannot reach agreement. *See Fowler v. Safeco Ins. Co. of Am.,* 915 F.2d 616, 617 (11th Cir.1990).