**Thomas RYAN & Stephanie Ryan Plaintiff,**

v.

**John J. CERULLO, CPA & Cerullo & Co. CPA, P.C. Defendants.**

**No. 3:04CV1328(MRK).**

United States District Court, D. Connecticut.

Nov. 3, 2004.

158

Michael Shawn Casey, Bishop, Jackson & Kelly, Stratford, CT, for Plaintiffs.

**1.** Former Plaintiff Stephanie Ryan has voluntarily dismissed her claims against Defen-

Joseph T. Sweeney, Halloran & Sage, Hartford, CT, for Defendants.

### *RULING AND ORDER*

KRAVITZ, District Judge.

Currently pending before the Court is Plaintiff Thomas Ryan's Motion to Remand [doc. # 11] for lack of subject matter jurisdiction.[1]  Plaintiff claims that this Court does not have diversity jurisdiction under 28 U.S.C. § 1332 because the amount in controversy does not exceed $75,000.  Defendants dispute Plaintiff's claim.  For the reasons stated below this Court GRANTS Plaintiff's Motion to Remand.

■ Because Defendants removed this action from state court, they bear the burden of proving that Plaintiff's claim exceeds the jurisdictional amount in controversy.  *See Lupo v. Human Affairs Intern., Inc.,* 28 F.3d 269, 273 (2d Cir.1994) ("[T]he party asserting diversity jurisdiction in federal court has the burden of establishing the existence of the jurisdictional amount in controversy.").  The Second Circuit has repeatedly cautioned that "[i]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Somlyo v. J. Lu–Rob Enterprises, Inc.,* 932 F.2d 1043, 1045–46 (2d Cir. 1991) (citations omitted); *see Lupo,* 28 F.3d at 274.

■ Drawing upon information outside the Complaint itself, Defendants assert that Plaintiff's claimed damages exceed $150,000.  *See* Defs.' Mem. Law in Supp. of Their Objection to Pl.'s Mot. to Remand

dants.  *See* Notice of Dismissal [doc. # 21]; Order of Dismissal [doc. # 22].

[doc. # 13]. However, Plaintiff disputes Defendants' assertion and has submitted an affidavit from Plaintiff stating that his damages do not exceed $75,000 [doc. # 11], a brief in which Plaintiff explains why his damages at best "add up to $62,325.03," Pl's Objection [doc. # 17], and a signed and sworn Stipulation of Amount in Controversy [doc. # 19], in which the Plaintiff stipulates that "in no circumstances shall the damages, exclusive of interest and costs, be in excess of Seventy Five Thousand ($75,000.00) Dollars . . . regardless of whether this case proceeds in State or Federal court and regardless of whether this matter is decided by a jury verdict or a court decision."

■ It is well settled that once a federal district court's jurisdiction has attached to a case removed from state court, a plaintiff cannot deprive the district court of jurisdiction by reducing his claim below the requisite jurisdictional amount "by stipulation, by affidavit, or by amendment of his pleadings." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 292–93, 58 S.Ct. 586, 82 L.Ed. 845 (1938). That said, a district court may allow a plaintiff to "clarify" his or her complaint after removal in order to assist the court in evaluating the jurisdictional facts existing at the time of removal, if the complaint was ambiguous or silent as to the precise amount in controversy. *See, e.g., Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 223 (3d Cir.1999) ("Although a court can make an independent appraisal of the reasonable value of the claim . . . it might also consider a stipulation as clarifying rather than amending an original pleading.") (internal citations and quotations omitted); *Asociacion Nacional de Pescadores a Pequena Escala o Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir.1993) ("Although . . . a plaintiff may not defeat re-moval by subsequently changing his damage request, because post-removal events cannot deprive a court of jurisdiction once it has attached, in this case the affidavits clarify a petition that previously left the jurisdictional question ambiguous. Under those circumstances, the court is still examining the jurisdictional facts *as of the time* the case is removed, but the court is considering information submitted after removal.") (emphasis in original) (citing *St. Paul Mercury*, 303 U.S. at 292, 58 S.Ct. 586).

Such post-removal clarifications by way of stipulation may be particularly useful if the initial complaint filed in state court was governed by state rules of civil procedure that do not require plaintiffs to allege damages with precision. *See, e.g., Brooks v. Pre–Paid Legal Servs., Inc.*, 153 F.Supp.2d 1299, 1301–02 (M.D.Ala.2001) (holding that a post-removal stipulation that damages would not be sought or accepted in excess of $74,500 defeated diversity jurisdiction where plaintiff's stipulation merely clarified an ambiguous *ad damnum* clause in the state court complaint); *Halsne v. Liberty Mut. Group*, 40 F.Supp.2d 1087, 1092 (N.D.Iowa 1999) ("Here the proffered stipulation indicates that the value of the claim at the time of removal did not exceed the jurisdictional minimum, in a situation where pleading rules make the amount in controversy on the face of the complaint ambiguous at best."). In those circumstances, a stipulation serves to clarify rather than amend the plaintiff's complaint. Consideration of such a "clarifying" stipulation is therefore in accord with the fundamental principle of removal jurisdiction that whether subject matter jurisdiction exists must be answered by looking to the complaint as it existed at the time the removal petition was filed. *Id.; see Brooks*, 153 F.Supp.2d at 1300 ("Other courts have routinely given effect to binding post-removal stipula-

tions."); *Cole v. Great Atlantic & Pacific Tea Co.*, 728 F.Supp. 1305, 1309 (E.D.Ky. 1990) (holding that a post-removal stipulation limiting damages to an amount below the amount in controversy threshold for diversity actions clarified a complaint that was "effectively silent as to damages" due to the state rules of civil procedure, and thus defeated removal); Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure: Jurisdiction 3d* § 3725 at 87 ("[A] plaintiff's waiver must be truly binding on the plaintiff in state court before it will prevent removal; this can be done through . . . a binding stipulation in writing on the record.") (citing cases).

Under § 52–91 of the Connecticut General Statutes, a plaintiff's civil complaint seeking monetary damages must state whether the plaintiff's damages are: (1) $15,000 or more, exclusive of interest and costs; (2) between $2,500 and $15,000, exclusive of interest and costs; or (3) less than $2,500, exclusive of interest and costs. *See* Conn. Gen.Stat. § 52–91. According to the Connecticut Supreme Court:

> [T]he statement contemplated by the amended § 52–91 does not require the plaintiff to state the exact amount being sought. To comply with the amended statute, a plaintiff need only state which of the three categories applies to the case: less than $2500; $2500 or more, but less than $15,000; or $15,000 or more.

*Southington '84 Associates v. Silver Dollar Stores, Inc.*, 237 Conn. 758, 765, 678 A.2d 968 (1996). In accordance with Connecticut practice, Plaintiff's "Statement of Amount in Demand" in this case merely states: "The amount in demand, exclusive of interest and costs, is greater than Fifteen Thousand ($15,000.00) Dollars." *See* Complaint attached to Defs.' Petition for Removal [doc. # 1]. Therefore, it is not possible to determine from the face of Plaintiff's Complaint the amount of Plaintiff's claimed damages. In those circumstances, Plaintiff's binding Stipulation of Amount in Controversy [doc. # 19] serves to clarify his Complaint's ambiguous statement of damages. That Stipulation, along with Plaintiff's plausible explanation for how he arrives at an amount in controversy of less than $75,000 (*see* doc. # 17), permits the Court to conclude that the value of Plaintiff's claim at the time of removal did not exceed the jurisdictional minimum of $75,000. *See* 28 U.S.C. § 1332.

Therefore, the Court GRANTS Plaintiffs' Motion to Remand [doc. # 11] the case to the Connecticut State Superior Court for the Fairfield Judicial District at Bridgeport, and DENIES Defendants' Motion to Dismiss [doc. # 6] and Defendant's Motion for Opportunity to Conduct 90 Days of Pretrial Discovery [doc. # 14] as moot in view of the Court's remand ruling. Each side shall bear their own costs and attorneys' fees. Plaintiff (and his counsel) are hereby cautioned that failure to adhere to the binding stipulation regarding damages will subject them to sanctions. *See, e.g., Brooks*, 153 F.Supp.2d at 1302 (warning that sanctions would be swift and painful if plaintiffs pursued or accepted more than $75,000); *Halsne*, 40 F.Supp.2d at 1093 n. 4 ("Rule 11 of the Federal Rules of Civil Procedure stands as a caution to casual or manipulative entry into" stipulations to lend support to remand motions.). **The Clerk is directed to close this file.**

IT IS SO ORDERED.