**Roy E. GOODMAN, Plaintiff,**

v.

**WAL–MART STORES, INC., Defendant.**

**No. 2:97–0076.**

United States District Court,
M.D. Tennessee,
Northeastern Division.

Nov. 26, 1997.

John Edger Acuff, Barnes & Acuff, Cookeville, TN, for Plaintiff.

William Bryan Jakes, III, Howell & Fisher, Nashville, TN, for Defendant.

### MEMORANDUM

WISEMAN, Senior District Judge.

Before the Court is the plaintiff's motion to remand the above-entitled case to the Circuit Court for Putnam County, Tennessee. Pursuant to section 1447(c), Title 28 of the United States Code, the Court finds that it lacks subject matter jurisdiction since the Magistrate Judge has granted the plaintiff's motion to amend its complaint to seek damages in the amount of $74,000, below the required amount in controversy of $75,000. 28 U.S.C. § 1332(a) (1997). Therefore, the Court GRANTS the plaintiff's motion, and REMANDS the case to the Circuit Court for Putnam County, Tennessee.

### I. Relevant Background

On July 30, 1997, the defendant, Wal–Mart Stores, Inc. ("Wal–Mart") removed the above-entitled case to this Court from the Circuit Court for Putnam County, Tennessee. Removal was based on diversity of citizenship as described in 28 U.S.C. § 1332. The plaintiff, Roy E. Goodman, had originally filed suit in the state court seeking $250,000 in damages for injuries that he allegedly obtained as a result of slipping and falling on the defendant's property. Mr. Goodman is a resident of Tennessee, and Wal–Mart is a corporation that at all pertinent times resided in a state or states other than Tennessee. At the time of removal, the plaintiff's complaint sought $250,000 in damages. After removal, the plaintiff amended his complaint by reducing the damages sought to $74,000.

### II. Law and Analysis

The plaintiff seeks to remand this case to the state court from which it was removed. The defendant urges the Court to deny the plaintiff's motion, stressing that the federal removal court retains control over a case even if the court subsequently loses subject matter jurisdiction. Yet the defendant fails to note the language of the 1988 amendment to 28 U.S.C. § 1447(c), and relies solely on pre–1988 authority. Specifically, the defendant relies on the Supreme Court's 1938 decision in *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938), among other cases from lower courts.

Factually, *St. Paul Mercury* is similar to the instant case. There the defendant removed the diversity action to federal court, and the district court entered a judgment for the plaintiff in an amount below the amount in controversy required to establish subject matter jurisdiction. The plaintiff subsequently lowered the damages sought to an amount below the required amount in controversy. *Id.* at 285, 58 S.Ct. at 588–89. The Court of Appeals reversed, finding that the district court should have remanded the case to the state court. *Id.* The Supreme Court reversed and reinstated the district court decision, holding that "events occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached." *Id.* at 293, 58 S.Ct. at 592.

■ Section 1447(c), as amended since November 19, 1988, states that, "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." This Court reads the word "shall" to be mandatory. *See Bailey v. Wal–Mart Stores, Inc.*, 981

F.Supp. 1415, 1415–17 (N.D.Ala.1997) (reading § 1447(c) "strictly and literally"); *see also* David D. Siegel, *Commentary on 1996 Revision of Section 1447(c),* 28 U.S.C. 1447 (West Supp.1997) (stating that " 'shall' is the verb used—the matter is not discretionary," in discussing the 1988 amended version of § 1447(c)). Pursuant to section 1447(c), the Court is required to remand all removal cases lacking subject matter jurisdiction, even if the plaintiff's reduction of the demand is based solely on a desire to destroy subject matter jurisdiction. *See Bailey,* 981 F.Supp. at 1417 (finding that the defendant's motive is "irrelevant").

The Court finds Judge Acker's decision in *Bailey* to be persuasive. As the *Bailey* court reasoned, "it seems logical that Congress was responding … to *St. Paul Mercury,*" in amending section 1447(c). *Id.* at 1416. Judge Acker noted that before the amendment, many courts were being forced to "ignore a core principle of federalism that recognizes the primacy of the state courts. It follows, of course, that federal courts are courts of limited jurisdiction." *Id.* This Court agrees. Finally, as the *Bailey* court noted, if the 1988 amended version of 28 U.S.C. § 1447(c) was ambiguous, the court would have to "resolve it in favor of state court jurisdiction." *Id.* (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941)). Subsection (c) is not ambiguous. *Id.*

■ In the instant case, Wal–Mart argues that the plaintiff's motion to remand "is an intentional attempt to destroy federal jurisdiction which has properly attached[,] rather than a good faith reduction in the damages sought." (Def.'s Mem. Supp. its Opp'n to Pl.'s Mot. Remand, at 2.) Regardless of the plaintiff's motive, reducing the amount in controversy below the required amount of $75,000 has destroyed this Court's subject matter jurisdiction. 28 U.S.C. § 1332(a) (1997). As this Court reads 28 U.S.C. § 1447(c), as amended in 1988, the Court must remand this case to the state court from which it was removed.

### III. Conclusion

For the foregoing reasons, the Court GRANTS the plaintiff's motion, and RE-MANDS this case to the Circuit Court of Putnam County, Tennessee.