Tyler VILLANO, by his Father and Natural Guardian, Dennis VILLANO, Plaintiffs,

v.

KOHL'S DEPARTMENT STORES, INC., Defendant.

No. 04 CIV. 8315(WCC).

United States District Court, S.D. New York.

March 25, 2005.

---

**58.** *Id.* (citing *Britton,* 916 F.2d at 1412 & n. 8).

**59.** *Britton,* 916 F.2d at 1412.

**60.** Kerekes Memorandum at 5.

Law Offices of John Kuttas, Esq., Attorney for Plaintiffs, Hartsdale, NY, John Kuttas, Esq., Of Counsel.

Goldstein & Tanenbaum, LLP, Attorneys for Defendant, Carle Place, NY, Cory E. Skolnick, Esq., Of Counsel.

## OPINION AND ORDER

WILLIAM C. CONNER, Senior District Judge.

Plaintiff Dennis Villano (the "plaintiff"), on behalf of his son, T.V., (collectively, the "plaintiffs"), commenced this personal injury action against defendant Kohl's Department Stores, Inc. Plaintiff alleges that while shopping in defendant's store, T.V. sustained an injury that resulted in a permanent scar. Plaintiff filed this action in New York State Supreme Court, alleging that the injury was caused by defendant's negligence and demanding $500,000 in damages. Defendant removed the action to this Court pursuant to 28 U.S.C. § 1441(a) based on diversity. After amending the Complaint to reduce the demand for damages to $74,000, plaintiffs move, pursuant to 28 U.S.C. § 1447(c), to remand this action to New York State Supreme Court, Westchester County. For the reasons stated hereinafter, plaintiffs' motion to remand is granted.

## BACKGROUND

T.V., an infant, was injured on April 12, 2004, when his finger was cut on a glass vase on display for sale in a department store owned and operated by defendant. (V.Complt.¶¶ 3, 4, 6.) As a result of his injury, T.V. allegedly required hospital treatment and stitches. (*Id.* ¶ 9.) Plaintiffs allege that T.V. suffered a permanent scar as a result of the injury. (*Id.*) Plaintiffs further maintain that defendant was negligent in displaying a broken vase in its store and filed a lawsuit for personal injuries in the Supreme Court of the State of New York, County of Westchester, on September 24, 2004. (*Id.* ¶¶ 7, 9.) In the original Verified Complaint, plaintiffs demanded $500,000 in damages. (*Id.* ¶ 10.)

On October 14, 2004, defendant removed the action to the United States District Court, Southern District of New York, pursuant to 28 U.S.C. § 1441(a) on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a). On November, 9, 2004, plaintiff filed an Amended Complaint in this Court, reducing the amount in controversy to $74,000. (Am.Complt.¶ 10.) Plaintiff then moved to remand the matter to the Supreme Court of the State of New York, County of Westchester, pursuant to 28 U.S.C. § 1447(c). (Pls. Mem. Supp. Mot. Remand at 2.) Plaintiffs maintain that this Court was divested of subject matter jurisdiction when the amount in controversy was reduced to less than $75,000, exclusive of interests and costs. (*Id.*)

## DISCUSSION

### I. *Standard of Review for Motion to Remand*

A defendant may remove a cause of action that was originally filed in state court provided the action is one "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Removal jurisdiction is strictly construed inasmuch as it implicates significant federalism concerns and abridges the deference courts generally give to a plaintiff's choice of forum. *See id.; see also In re NASDAQ Mkt. Makers Antitrust Litig.,*

929 F.Supp. 174, 178 (S.D.N.Y.1996) ("Removal jurisdiction must be strictly construed, both because the federal courts are courts of limited jurisdiction and because removal of a case implicates significant federalism concerns."). The removing party bears the burden of establishing the propriety of the removal. *See Caterpillar v. Williams*, 482 U.S. 386, 391–92, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); *Frontier Ins. Co. v. MTN Owner Trust*, 111 F.Supp.2d 376, 378 (S.D.N.Y.2000) (Conner, J.); *Fisher v. Building Servs.*, No. 96 Civ. 4317, 1997 WL 590843, at *2 (S.D.N.Y. Sept.22, 1997); *Still v. DeBuono*, 927 F.Supp. 125, 129 (S.D.N.Y.1996).

## II. *Diversity Jurisdiction*

Defendant removed the present case on the ground of diversity jurisdiction based on 28 U.S.C. § 1332(a). Under that statute, federal district courts have original jurisdiction over civil diversity actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . ." Where an action is removed from a state court, Congress requires that "[i]f at *any time* before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." 28 U.S.C. § 1447(c) (emphasis added). In *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, the Supreme Court held that "events occurring subsequent to removal which reduce the amount recoverable . . . do not oust the district court's jurisdiction." 303 U.S. 283, 293, 58 S.Ct. 586, 82 L.Ed. 845 (1938); *see also Carnegie–Mellon University v. Cohill*, 484 U.S. 343, 355, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). However, these cases

were decided prior to the amendment of section 1447(c) in 1988. Before 1988, section 1447(c) read: "If at any time before final judgment it appears that the case *was removed improvidently* and without jurisdiction, the district court shall remand the case." (emphasis added). This language was interpreted to mean that the defendant's right of removal was fixed as of the date of the removal so that a post-removal amendment of the complaint would not deprive the district court of jurisdiction. *St. Paul Mercury*, 303 U.S. at 294, 58 S.Ct. 586. However, section 1447(c) was amended in 1988 by replacing the "[if] . . . the case was removed improvidently" language with "[i]f at any time . . . it appears that the district court lacks subject matter jurisdiction." Thus Congress mandated that the district court remand the action if at any time before final judgment the basis for federal jurisdiction ceases to exist, irrespective of whether removal was proper at the time it was made. The amendment of section 1447(c) effectively overturned the Supreme Court's interpretation of the statute in *St. Paul Mercury* and *Carnegie–Mellon. See Goodman v. Wal–Mart Stores, Inc.*, 981 F.Supp. 1083 (M.D.Tenn.1997); *Bailey v. Wal–Mart Stores, Inc.*, 981 F.Supp. 1415 (N.D.Ala.1997); *but cf. Parker v. Rocco*, 252 F.3d 663, 666 (2d Cir.2001) (noting that *Bailey v. Wal–Mart* was unpersuasive in the context of retention of supplemental jurisdiction over non-federal claims after dismissal of the federal claim, without discussing whether the amendment of section 1447(c) supplanted the Supreme Court's rule as to when defendant's right to removal is fixed).[1]

---

**1.** In *Munoz v. Sesame Place, Inc.*, No. 97 Civ. 5055, 1998 WL 150495, at * 1 (S.D.N.Y. Mar.30, 1998), the court states that the *Wal–Mart* cases "cannot be reconciled with the Second Circuit's *Tongkook* decision, wherein . . . the [Supreme Court] rule was restated despite the section 1447 amendment." However, there is no need to reconcile the *Wal–Mart* cases with *Tongkook* because *Tongkook* was not a removed case and section 1447(c) was inapplicable.

In the case at bar, plaintiffs' original Verified Complaint in state court demanded judgment against defendant in the amount of $500,000. (V.Complt.¶ 10.) The amount in controversy therefore exceeded the threshold of $75,000 set by 28 U.S.C. § 1332(a). However, after defendant removed the case to this Court, plaintiffs amended the Complaint reducing their demand for judgment to $74,000. (Am. Complt.¶ 10.)

The Second Circuit recognizes a "rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Wolde Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 63 (2d Cir.1999). Accordingly, "[w]here the damages sought are uncertain, the doubt should be resolved in favor of the plaintiff's pleadings." *Tongkook*, 14 F.3d at 785. Furthermore, plaintiffs offer to "sign a stipulation returning the case to this Court should the amount demanded ever exceed $75,000." (Pls. Reply Aff. ¶ 11.)

■ Consequently, this Court lacks jurisdiction over the action pursuant to 28 U.S.C. § 1441(a) and its remand to the Supreme Court of Westchester County, New York is mandated by 28 U.S.C. § 1447(c).

## CONCLUSION

For all of the foregoing reasons, plaintiffs' motion to remand is granted.

SO ORDERED.